**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL A. LEON,<br>　　　Plaintiff,<br>vs.<br>STATE OF ARIZONA, et al.,<br>　　　Defendants. | No. CIV 12-556-TUC-CKJ<br><br>**ORDER** |

On July 23, 2012, Plaintiff Michael A. Leon ("Leon") filed a pro se Complaint alleging a civil rights violation, an American with Disabilities Act violation, and tort claims. Leon has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Leon has also filed a Motion to E-File (Doc. 3) and a Motion for Transfer of Venue (Doc. 5). Additionally, Defendant Oro Valley Police Department has filed a Motion to Dismiss (Doc. 6).

*In Forma Pauperis*

Leon filed an Application to Proceed Without Prepaying Fees or Costs (Doc. 2) contemporaneously with his original complaint. The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 § 1915(a)(1). A review of Plaintiff's Supporting Information indicates that Plaintiff receives $1373.00 per month in disability payments and has approximately $1400.00 per month in expenditures. The Court finds Leon is unable to the fees and will grant the request.

*Motion for Permission to E-File*

Leon has requested permission to e-file documents in this matter. The applicable procedural rule requires that a "pro se party seeking leaving to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual." ECF Administrative Policies and Procedures Manual, Section II.B.3. Leon asserts that he possesses the technical requirements for e-filing and lists the equipment and software available to him.[1] Further, Leon's request includes a statement that he agrees to follow the ECF administrative policies and procedures. The Court will grant the request.

*Motion for Transfer of Venue*

Leon requests that this matter be transferred to the Phoenix division. "[A]ll civil . . . cases founded on causes of action (1) arising in the Phoenix division shall be tried in Phoenix . . . and (3) arising in the Tucson division shall be tried in Tucson. L.R.Civ. 77.1(c). However, "[i]n cases where the cause of action has arisen in more than one county, the plaintiff may elect any of the divisions appropriate to those counties for filing and trial purposes, although the Court reserves the right to assign any cases for trial elsewhere in the District at its discretion." L.R.Civ. 5.1(a).

Leon asserts that he did not intentionally file this matter in Tucson and refers to his Exhibit A, which is a letter to the Clerk of Court in Phoenix requesting the action be filed. It appears that the Clerk of Court filed the action in the Tucson division based on the conduct alleged in the Complaint. The conduct described in Leon's Complaint appears to

---

[1] The Court notes that Leon's list includes both a scanner and a .pdf writer. The Court clarifies for Leon that the ECF Policies and Procedures Manual states that "[d]ocuments which exist only in paper form may be scanned into .pdf for electronic filing. Electronic documents must be converted to .pdf directly from a word processing program (e.g., Microsoft Word® or Corel WordPerfect® and must be text searchable." ECF Policies and Procedures Manual, § I.A.

1  have occurred in the Tucson division, with the exception of the Maricopa County office of
2  the Industrial Commission of Arizona handling a claim and the Supreme Court of Arizona
3  ruling against Defendant. However, although Leon has stated Rebecca White Berch, Chief
4  Justice Arizona Supreme Court, and Harriette L. Turney, Chief Administrative Law Judge,
5  Industrial Commission of Arizona, are defendants, the Complaint does not allege any
6  conduct by Defendants Berch or Turney. Further, as discussed *infra*, the Court does not
7  have jurisdiction to review the state court proceedings, so any claim seeking this Court's
8  review of the ruling of the Supreme Court of Arizona against Leon is not viable. Leon
9  having not alleged a claim that arose in the Phoenix division, transfer of venue is not
10 appropriate. However, as discussed *infra*, the Court will permit Leon to file an Amended
11 Complaint.  In the event Leon alleges a cause of action that arose in the Phoenix division,
12 Leon may re-urge his Motion for Transfer of Venue.

*Screening Order*

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 § 1915(e)(2)(B). The Court must, therefore, screen Leon's Amended Complaint.

*General Requirements*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Rule 10(a), Fed.R.Civ.P. "Each claim . . . shall be stated

in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id.* Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim.. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

*Requirement that Action State a Claim on Which Relief Can be Granted*

The United States Supreme Court has found that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).[2] While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible,

---

[2]The holding in *Twombly* explicitly abrogates the well established holding in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

- 4 -

1  plaintiff's complaint survives a motion to dismiss[.]"). Indeed, Fed.R.Civ.P. 8(a)(2) requires
2  a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement
3  to relief. *Id.* at 1965 n. 3. The complaint "must contain something more . . . than . . . a
4  statement of facts that merely creates a suspicion [of] a legally cognizable right to action."
5  *Id.* at 1965. The Court screens the Complaint in light of *Twombly* and must determine if
6  Leon has "nudge[d] [his] claims across the line from conceivable to plausible." *Id.* at 1974.
7  The Court also considers that the Supreme Court has cited *Twombly* for the traditional
8  proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)];
9  the statement need only 'give the defendant fair notice of what the . . . claim is and the
10 grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167
11 L.Ed.2d 929 (2007). Indeed, *Twombly* requires "a flexible 'plausibility standard,' which
12 obliges a pleader to amplify a claim with some factual allegations in those contexts where
13 such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143,
14 157-58 (2nd Cir. 2007); *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009)
15 (for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and
16 reasonable inferences from that content, must be plausibly suggestive of a claim entitling
17 the plaintiff to relief).

18       This Court must take as true all allegations of material fact and construe them in the
19 light most favorable to Leon. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir.
20 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*,
21 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457
22 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or
23 conclusory legal allegations cast in the form of factual allegations. *Western Mining Council*
24 *v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an
25 advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987),
26 *superseded on other grounds*, in attempting to decipher a complaint.

27       The Complaint in this case includes approximately sixty pages consisting of limited
28 facts and a discussion of legal and religious theories, followed by the statement of four

1  claims in two pages. Generally, in stating his claims, Leon does not specify which facts and
2  which Defendants apply to each claim. "As written, the court does not see means for any
3  of the named defendants to decipher which allegations in the amended complaint plaintiff
4  is making against whom." *Dustin v. Galaza*, No. 1:05-cv-00697-AWI-DLB (PC), 2008 WL
5  314106 * 3 (E.D.Cal. 2008).

*Relevant Doctrines*

This Court does not have jurisdiction to review state court judicial proceedings. *Southern California Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002) ("[T]he *Rooker-Feldman* doctrine bars direct federal district court appellate review of state court judicial proceedings."). Furthermore, the doctrine of *Younger* abstention generally does not permit this Court to enjoin state actions. *AmerisourceBergenCorp. v. Roden*, 495 F.3d 1143 (9th Cir. 2007). To any extent Leon is seeking review of or intervention in completed or pending state court proceedings, the Court finds Leon has failed to state a claim upon which relief can be granted.

*Intentional Infliction of Emotional Distress*

Leon alleges that Defendants intentionally inflicted emotional distress upon Leon by denying access to the courts and failing to provide reasonable accommodations. Initially, the Court notes that Leon does not specifically state, with the exception of the Oro Valley Police Department, which Defendants this claim applies to. To the extent that Leon is alleging a denial of access to the courts and failing to provide reasonable accommodations against unspecified Defendants, Leon appears to allege that Defendants required him to resubmit documents (rewrite complaints) and did not afford him adequate opportunity to present arguments during hearings. Leon also alleges the Oro Valley Police Department presented Leon in a false light to the community and did not possess probable cause to conduct security measures against Leon.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege

(1) the conduct of defendant was "extreme" and "outrageous," (2) defendant intended to cause emotional distress or recklessly disregarded the near certainty that such conduct would result from his conduct, and (3) severe emotional distress did occur as a result of defendant's conduct. *Citizen Publishing Co. v. Miller*, 210 Ariz. 513, 517, 115 P.3d 107, 111 (2005); *Wells Fargo Bank v. Arizona Laborers, Teamsters, and Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 38 P.3d 12 (2002) (discussing difference between negligent and intentional torts). The acts must be "'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Mintz v. Bell Atlantic Systems Leasing International, Inc.*, 183 Ariz. 550, 554, 905 P.3d 559, 563 (App. 1995), *quotation omitted.* Further, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct. *Ford v. Revlon*, 153 Ariz. 38, 43, 734 P.2d 580 (1987).

Leon's Complaint indicates that Leon was afforded both written and oral opportunities to present issues and arguments to the state courts. The Court finds that Leon's allegations that the state courts failed to afford additional opportunity and/or not grant relief requested by Leon does not state acts that are so outrageous in character and so extreme in degree to state a claim for intentional infliction of emotional distress. Indeed, the Court notes that Leon has not alleged the existence of a specific reasonable accommodation that the state courts failed to provide. *Memmer v. Marin County Courts*, 169 F.3d 630 (9th Cir. 1999). Additionally, the allegations against the Oro Valley Police Department are conclusory and do not present a factual basis to state a claim upon which relief can be granted.

*Negligent Infliction of Emotional Distress*

Leon asserts that, through scurrilous and outrageous conduct and false statements, Defendants negligently inflicted emotional distress upon Leon. The Court notes that Leon generally refers to the allegations contained within the prior 60 pages and does not

- 7 -

1  specifically state, with the exception of the Oro Valley Police Department, which
2  Defendants this claim applies to.  A claim for negligent infliction of emotional distress
3  requires that the "the emotional distress inflicted 'must be manifested as a physical injury."
4  *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 304, 757 P.2d 105, 108 (App. 1988).
5  Plaintiff has not alleged that the emotional distress was manifested as a physical injury.
6  "Furthermore, '[t]he plaintiff/ bystander must himself have been in the zone of danger so
7  that the negligent defendant created an unreasonable risk of bodily harm to him.'" *Rowland*
8  *v. Union Hills Country Club*, 157 Ariz. 301, 304, 757 P.2d 105, 108 (App. 1988), *quoting*
9  *Keck v. Jackson*, 122 Ariz. 114, 593 P.2d 668 (1979).  The Court finds Leon has failed to
10  state a claim for negligent emotional distress.

*Constitutional/Civil Rights Violation*

13  Leon asserts Defendant denied his right to pursue litigation and ridiculed and belittled
14  him.  Again, Leon does not specifically state, with the exception of the Oro Valley Police
15  Department, which Defendants this claim applies to.  There is a First Amendment right of
16  meaningful access to the courts and a right to petition the government for redress.  *See e.g*
17  *., Bill Johnson's Rest., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) (finding that "the right of
18  access to the courts is an aspect of the First Amendment right to petition the Government
19  for redress of grievances").[3]  Cases addressing right to access claims fall into two general

---

[3] The constitutional source of the right of access to the courts is not settled. *See Christopher v. Harbury*, 536 U.S. 403, 413–14 & 415 n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Lewis v. Casey*, 518 U.S. 343, 366–67, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (Thomas, J., concurring).  The Supreme Court has grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. *Christopher*, 536 U.S. at 415 n. 12 (citing cases).  The Ninth Circuit has also has found various constitutional sources for the right. *See, e.g., Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir.1995) (right grounded in due process and equal protection clauses); *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995) (use of prison grievance procedure protected by prisoner's right to meaningful access to courts along with broader right to petition government for redress of grievances); *see also Soranno's Gasco, Inc. v. Morgan*,

- 8 -

1  categories. "In the first are claims that systemic official action frustrates a plaintiff or
2  plaintiff class in preparing and filing suits at the present time[.]" *Christopher*, 536 U.S. at
3  413. "The second category covers claims not in aid of a class of suits yet to be litigated, but
4  of specific cases that cannot now be tried (or tried with all material evidence), no matter
5  what official action may be in the future," with these claims targeting official acts that
6  "allegedly have caused the loss or inadequate settlement of a meritorious case, the loss of
7  an opportunity to sue, or the loss of an opportunity to seek some particular order of relief."
8  *Christopher*, 536 U.S. at 413–14, *footnote and citations omitted*. Cases falling in this latter
9  group "do not look forward to a class of future litigation, but backward to a time when
10 specific litigation ended poorly, or could not have commenced, or could have produced a
11 remedy subsequently unobtainable." 536 U.S. at 414, *footnotes omitted*.

12    Leon's Complaint appears to seek to state a claim under the second category. Leon
13 appears to be alleging that conduct of Defendants interfered with his access to the courts in
14 prior cases. However, it is not clear that the prior cases cannot now be tried (or tried with
15 all material evidence). Indeed, Leon appears to be alleging that state cases remain pending.
16 *See e.g.*, Complaint, p. 6 (requesting Court deny defense counsel additional time to depose
17 Leon), p. 12 (arguing that Leon has right to depose defendants), p. 18 (requesting Court
18 order defense counsel to cooperate with discovery).

19    Additionally, the right of access in the second category is "ancillary to the underlying
20 claim, without which a plaintiff cannot have suffered injury by being shut out of court."
21 *Christopher*, 536 U.S. at 415. In order to state a claim, Leon must identify 1) a nonfrivolous
22 arguable underlying claim; 2) the official acts frustrating the litigation, and 3) the remedy
23 that may be awarded as recompense, but that is not otherwise available in a future suit. *Id*.
24 The predicate claim must "be described well enough to apply the nonfrivolous test and to
25 show that the arguable nature of the underlying claim is more than hope." *Id*. at 416.

---

27 874 F.2d 1310, 1314 (9th Cir.1989) (nonprisoner case finding right of access to courts subsumed under 1st Amendment).

1 Although Leon refers to state litigation and the summary of discovery issues provides
2 references to an FAA whistleblower, a fire, an investigation, and minority employees, Leon
3 has failed to adequately describe the predicate claim(s).

4 Leon also asserts that the Oro Valley Police Department failed to investigate and was
5 biased in upholding the law. However, these allegations are conclusory and fail to present
6 a factual basis for a denial of access claim.[4]

7 Additionally, the right of access to the courts is not absolute. *See Hudson v. Palmer*,
8 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) ("[T]he constitutional right to
9 petition the Government for redress of their grievances ... includes a reasonable right of
10 access to the courts"). "Moreover, the right must be exercised 'within the limits ... of [the
11 courts'] prescribed procedures.'" *Wilbur v. Locke*, 423 F.3d 1101, 1116 (9th Cir. 2005),
12 *abrogated on other grounds*, *quoting Cal. Motor Transp. Co. v. Trucking Unlimited*, 404
13 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972).

14 The Court finds Leon has failed to state a denial of access claim upon which relief
15 may be granted.

17 *Violation of Americans with Disabilities Act*

18 Leon alleges that "Defendants denied Plaintiff access to court system by holding
19 handicapped pro se litigant with communication disabilities, physical/mental disabilities to
20 the same standards as attorneys not providing reasonable accommodation for the disabled
21 in compliance with ADA." Complaint, p. 65.   Again, Leon does not specifically state
22 which Defendants this claim applies to. An ADA implementing regulation states:

> A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

---

[4]It appears Leon may be attempting to state a claim under the first category of denial of access claims. However, without sufficient factual allegations, the Court cannot say that Leon has stated a claim upon which relief may be granted.

- 10 -

1  28 C.F.R. § 35.130(b)(7). Indeed, the Ninth Circuit has stated that "[t]he regulation
2  governing reasonable accommodations, 28 C.F.R. § 35.130(b)(7), requires that
3  accommodations be provided only "'when the modifications are necessary to avoid
4  discrimination on the basis of disability.'" *Memmer*, 169 F.3d at 633. Additionally, a
5  plaintiff must allege the existence of a specific reasonable accommodation that the state
6  courts failed to provide. *Id.*

7  Leon has not alleged any specific reasonable accommodation that the state courts
8  failed to provide or that such a specific reasonable accommodation was necessary to avoid
9  discrimination on the basis of disability. The Court finds Leon has failed to state a claim
10 upon which relief can be granted.

12 *Amended Complaint*

13 The Court finds that dismissal with leave to amend is appropriate. *See Noll v.*
14 *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend is liberally granted unless
15 absolutely clear deficiencies cannot be cured by amendment). The Court has provided the
16 reasons for the dismissal so Leon can make an intelligent decision whether to file an
17 Amended Complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v.*
18 *Block*, 832 F.2d 1132 (9th Cir. 1987). Furthermore, Leon is advised that all causes of action
19 alleged in the original Complaint which are not alleged in any Amended Complaint will be
20 waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)
21 ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir.
22 1987). Any Amended Complaint filed by Leon must be retyped or rewritten in its entirety
23 and may not incorporate any part of the original complaint by reference. Any Amended
24 Complaint submitted by Leon shall be clearly designated as an Amended Complaint on the
25 face of the document. Leon is advised that failure of an Amended Complaint to state a
26 claim upon which relief can be granted will result in dismissal of this action.

27 Additionally, Leon should take notice that if he fails to timely comply with every
28 provision of this Order, this action will be dismissed pursuant to Fed.R.Civ.P. 41(b). *See*

*Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

*Motion to Dismiss*[5]

The Court having determined that dismissal with leave to amend is appropriate, the Court will deny the Motion to Dismiss as moot.

Accordingly, IT IS ORDERED:

1. Leon's Application to Proceed with Prepaying Fees and Costs (Doc. 2) is GRANTED.

2. Leon's Motion for Permission to E-File (Doc. 3) is GRANTED.

3. Leon may electronically file documents in this case pursuant to ECF Administrative Policies and Procedures Manual, Section II.B.3.

4. Leon must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) business days of the date this Order is filed. *Id*.

5. Leon's Motion for Transfer of Venue (Doc. 5) is DENIED with leave to re-urge if a cause of action that arose in the Phoenix division is alleged in an Amended Complaint.

6. Oro Valley Police Department's Motion to Dismiss (Doc. 6) is DENIED AS MOOT.

DATED this 23rd day of November, 2012.

*/s/ Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge

---

[5] The docket sheet also indicates that the Oro Valley Police Department filed a Reply to Opposition to Motion to Dismiss (Doc. 7). The CM/ECF filing system does not indicate that an Opposition to the Motion to Dismiss has been filed. A sur-reply, however, has been submitted.