1  **WO**

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8              FOR THE DISTRICT OF ARIZONA

9

10  MICHAEL A. LEON,                          )
                                             )
        Plaintiff,                           )
11                                           )      No. CIV 12-556-TUC-CKJ
   vs.                                       )
12                                           )      **ORDER**
   STATE OF ARIZONA, et al.,                 )
13                                           )
        Defendants.                          )
14  _____)

15        On July 23, 2012, Plaintiff Michael A. Leon ("Leon") filed a pro se Complaint

16  alleging a civil rights violation, an American with Disabilities Act violation, and tort claims.

17  On November 16, 2012, this Court issued an Order dismissing with leave to amend the

18  Complaint.  On January 27, 2013, Leon filed a First Amended Complaint ("FAC").  Leon

19  having been granted IFP status, *see* Doc. 8, the Court finds it appropriate to screen the FAC.

20  *See* 28 U.S.C. § 1915  Additionally, a Motion to Dismiss filed by Defendant Oro Valley

21  Police Department (Doc. 24), a Motion for Entry of Default filed by Leon (Doc. 31), an

22  Objection to the Court's Order denying recusal filed by Leon (Doc. 32), and a Motion for

23  Recusal, Disqualification of Judge Cindy K. Jorgenson filed by Leon (Doc. 33) are pending

24  before the Court.  Leon has requested the issues be set for oral argument; the Court does not

25  find that scheduling this matter for oral argument would assist the Court.  The Court

26  declines to set these matters for argument.  *See* LRCiv 7.2(f); 27A Fed.Proc., L. Ed. §

27  62:367 ("A district court generally is not required to hold a hearing or oral argument before

28  ruling on a motion.").

1

2    *Objection/Motion for Recusal, Disqualification*

3         As the Court stated in its February 25, 2013, Order,  the Court is unaware of and has

4    not learned of any basis to recuse itself.  *United States v. Morrison*, 153 F.3d  34 (2nd Cir.

5    1998) (court could confirm there was no basis to recuse herself).  Just as the Court has a duty

6    to recuse itself when appropriate, the Court has a duty not to recuse itself if it is not

7    appropriate.  *United States v. Burger*, 964 F.2d 1065 (10th Cir. 1992); *see also United States*

8    *v. Sierra Pacific Ind.*, 759 F.Supp.2d 1198 (E.D.Cal. 2010).  The Court finds Leon has not

9    presented a basis for the Court to reconsider its prior decision and finds that recusal is not

10   appropriate.  *See e.g., Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101

11   (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently

12   misunderstood a party, where the court has made a decision outside the adversarial issues

13   presented to the court, where the court has made an error not of reasoning but of

14   apprehension, or where there has been a controlling or significant change in the law or facts

15   since the submission of the issue to the court; a motion for reconsideration is not to be used

16   to ask a court "to rethink what the court had already thought through – rightly or wrongly.");

17   *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

18

19   *Screening Order – First Amended Complaint*

20        This Court is required to dismiss a case if the Court determines that the allegation of

21   poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i)

22   is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

23   seeks monetary relief against a defendant who is immune from such relief."   28 §

24   1915(e)(2)(B).  A complaint is to contain a "short and plain statement of the claim showing

25   that the pleader is entitled to relief[.]"  Rule 8(a), Fed.R.Civ.P.  Especially where the pleader

26   is *pro se*, the pleading should be liberally construed in the interests of justice.  *Johnson v.*

27   *Reagan*, 524 F.2d 1123 (9th Cir. 1975).  Nonetheless, a complaint must set forth a set of

28   facts that serves to put defendants on notice as to the nature and basis of the claim(s).

1    Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should

2    be limited to a single set of circumstances.  Rule 10(a), Fed.R.Civ.P.  "Each claim . . . shall

3    be stated in a separate count . . . whenever a separation facilitates the clear presentation of

4    the matters set forth."  *Id.*  Failure to set forth claims in such a manner places the onus on

5    the court to decipher which, if any, facts support which claims, as well as to determine

6    whether a plaintiff is entitled to the relief sought.  *Haynes v. Anderson & Strudwick, Inc.*,

7    508 F.Supp. 1303 (D.C.Va. 1981).

8    The United States Supreme Court has found that a plaintiff must allege "enough facts

9    to state a claim to relief that is plausible on its facts."  *Bell Atlantic Corp. v. Twombly*, 550

10   U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  While a complaint need not plead

11   "detailed factual allegations," the factual allegations it does include "must be enough to raise

12   a right to relief above the speculative level."  *Id.* at 1964-65; *see also Moss v. U.S. Secret

13   Service*, 572 F.3d 962 (9th Cir. 2009) (for a complaint to survive a motion to dismiss, the

14   non-conclusory "factual content," and reasonable inferences from that content, must be

15   plausibly suggestive of a claim entitling the plaintiff to relief); *Starr v. Baca*, 652 F.3d 1202,

16   1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant

17   and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint

18   survives a motion to dismiss[.]").  Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a

19   plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief.  *Id.* at

20   1965 n. 3

21   This Court must take as true all allegations of material fact and construe them in the

22   light most favorable to Leon.  *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir.

23   2003).  In general, a complaint is construed favorably to the pleader.  *See Scheuer v. Rhodes*,

24   416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457

25   U.S. 800.  Nonetheless, the Court does not accept as true unreasonable inferences or

26   conclusory legal allegations cast in the form of factual allegations. *Western Mining Council

27   v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Furthermore, the Court is not to serve as an

28   advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987),

1  *superseded on other grounds*, in attempting to decipher a complaint.

2  The FAC in this case is an 89 page document, plus exhibits.   This includes

3  approximately 80 pages consisting of mainly conclusory facts and a discussion of legal and

4  religious theories.  The FAC also includes a statement of ten claims.  Generally, in stating

5  his claims, Leon does not specify which facts and which Defendants apply to each claim.

6  "As written, the court does not see means for any of the named defendants to decipher

7  which allegations in the amended complaint plaintiff is making against whom." *Dustin v.*

8  *Galaza*, No. 1:05-cv-00697-AWI-DLB (PC), 2008 WL 314106 * 3 (E.D.Cal. 2008).

9

10  *Count One – Civil/Constitutional Rights Violation*

11  Leon asserts Defendants denied his Fifth, Seventh, and Fourteenth Amendment

12  rights; specifically Leon asserts that Defendants denied Leon's right to pursue litigation,

13  denied Leon access to the courts, and ridiculed and belittled him.  Leon does not specifically

14  state, with the exception of the Oro Valley Police Department, which Defendants this claim

15  applies to.  There is a First Amendment right of meaningful access to the courts and a right

16  to petition the government for redress.  *See e.g ., Bill Johnson's Rest., Inc. v. NLRB*, 461

17  U.S. 731, 741 (1983) (finding that "the right of access to the courts is an aspect of the First

18  Amendment right to petition the Government for redress of grievances").[1]  Cases addressing

19

20  [1]The constitutional source of the right of access to the courts is not settled. *See Christopher v. Harbury*, 536 U.S. 403, 413–14 & 415 n. 12, 122 S.Ct. 2179, 153 L.Ed.2d 413

21  (2002); *Lewis v. Casey*, 518 U.S. 343, 366–67, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (Thomas, J., concurring).  The Supreme Court has grounded the right in the Article IV

22  Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due

23  Process Clauses. *Christopher*, 536 U.S. at 415 n. 12 (citing cases).  The Ninth Circuit has

24  also has found various constitutional sources for the right. *See, e.g., Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir.1995) (right grounded in due process and equal protection clauses);

25  *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995) (use of prison grievance procedure

26  protected by prisoner's right to meaningful access to courts along with broader right to petition government for redress of grievances); *see also Soranno's Gasco, Inc. v. Morgan*,

27  874 F.2d 1310, 1314 (9th Cir.1989) (nonprisoner case finding right of access to courts

28  subsumed under 1st Amendment).

1    right to access claims fall into two general categories. "In the first are claims that systemic

2    official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the

3    present time[.]" *Christopher*, 536 U.S. at 413. "The second category covers claims not in

4    aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or

5    tried with all material evidence), no matter what official action may be in the future," with

6    these claims targeting official acts that "allegedly have caused the loss or inadequate

7    settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an

8    opportunity to seek some particular order of relief." *Christopher*, 536 U.S. at 413–14,

9    *footnote and citations omitted*. Cases falling in this latter group "do not look forward to a

10   class of future litigation, but backward to a time when specific litigation ended poorly, or

11   could not have commenced, or could have produced a remedy subsequently unobtainable."

12   536 U.S. at 414, *footnotes omitted*.

13        Leon's FAC appears to seek to state a claim under the second category. Leon

14   appears to be alleging that conduct of Defendants interfered with his access to the courts in

15   prior cases. The right of access in the second category is "ancillary to the underlying claim,

16   without which a plaintiff cannot have suffered injury by being shut out of court."

17   *Christopher*, 536 U.S. at 415. In order to state a claim, Leon must identify 1) a nonfrivolous

18   arguable underlying claim; 2) the official acts frustrating the litigation, and 3) the remedy

19   that may be awarded as recompense, but that is not otherwise available in a future suit. *Id*.

20   The predicate claim must "be described well enough to apply the nonfrivolous test and to

21   show that the arguable nature of the underlying claim is more than hope." *Id*. at 416.

22   Although Leon refers to state litigation, C20091791, discovery issues,  and whistleblower

23   status, Leon does not describe any non-frivolous predicate claim(s).

24        Leon also asserts that the Oro Valley Police Department failed to investigate and was

25   biased in upholding the law. However, these allegations are conclusory and fail to present

26

27

28

- 5 -

1    a factual basis for a denial of access claim.[2]

2    Additionally, the right of access to the courts is not absolute.  *See Hudson v. Palmer*,

3    468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) ("[T]he constitutional right to

4    petition the Government for redress of their grievances ... includes a reasonable right of

5    access to the courts").  "Moreover, the right must be exercised 'within the limits ... of [the

6    courts'] prescribed procedures.'"  *Wilbur v. Locke*, 423 F.3d 1101, 1116 (9th Cir. 2005),

7    *abrogated on other grounds*, *quoting Cal. Motor Transp. Co. v. Trucking Unlimited*, 404

8    U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972).  Lastly, this Court does not have

9    jurisdiction to review state court judicial proceedings.  *Southern California Edison Co. v.*

10   *Lynch*, 307 F.3d 794, 804 (9th Cir. 2002) ("[T]he *Rooker-Feldman* doctrine bars direct

11   federal district court appellate review of state court judicial proceedings.").

12   The Court finds Leon has failed to state a denial of access claim upon which relief

13   may be granted.

14

15   *Count Two – Constitutionality of a Law*

16   Leon appears to be asserting that the principle that a person conducting litigation in

17   propria persona is held to the same familiarity with required procedures and the same notice

18   of statutes and local rules as would be attributed to a qualified member of the bar is

19   unconstitutional.  Leon does not state which of the Defendants this claim is against and does

20   not state what constitutional provision is violated by this principle.  Moreover, the Supreme

21   Court has stated that procedural requirements for gaining access to courts are "not to be

22   disregarded by courts out of a vague sympathy for particular litigants."  *Baldwin County*

23   *Welcome Center v. Brown*, 466 U.S. 147, 152 (1984); *see also Mohasco Corp. v. Silver*, 447

24   U.S. 807, 826 (1980) ("[i]n the long run, experience teaches that strict adherence to the

25   procedural requirements specified by the legislature is the best guarantee of evenhanded

26

27          [2]It appears Leon may be attempting to state a claim under the first category of denial
     of access claims.  However, without sufficient factual allegations, the Court cannot say that
28   Leon has stated a claim upon which relief may be granted.

1 administration of the law"). The Court finds Leon has failed to state a claim upon which

2 relief can be granted.

3

4 *Count Three – ADA Violation*

5 Leon asserts Defendants denied him access to the court system by holding him, a

6 "handicapped pro se litigant with communication disabilities, physical/mental disabilities

7 to the same standards as attorneys not providing reasonable accommodation for the disabled

8 in compliance with ADA. The Courts allowed, encouraged and facilitated the mistreatment

9 of a terminally ill citizen in violation of the ADA." FAC, Doc. 12, p. 77.  Leon appears to

10 be asserting the violation is based on trial courts requiring him to re-write pleadings and not

11 accepting his objections and the appellate courts ruling against him and sanctioning him,

12 However, Leon does not support this conclusory allegations with specific facts:  e.g., Leon

13 does not state why his pleadings adequately stated claims, why any objections should have

14 been well-taken, or on what basis he was entitled to appellate relief.  Other than implying

15 that the courts should have ruled in his favor, Leon has not stated what reasonable

16 accommodation the state courts failed to provide. *Memmer v. Marin County Courts*, 169

17 F.3d 630 (9th Cir. 1999); *see also United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)

18 ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to

19 spell out its arguments squarely and distinctly ...."), *internal citations and quotation marks*

20 *omitted*, *cert. denied*, 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990).

21 Although courts must take reasonable measures to remove any barriers to

22 accessibility, "Title II does not require States to employ any and all means to make judicial

23 services accessible to persons with disabilities. . ." *Tennessee v. Lane*, 541 U.S. 509,

24 531–32 (2004). "It requires only reasonable modifications that would not fundamentally

25 alter the nature of the service provided, and only when the individual seeking modification

26 is otherwise eligible for the service." *Id.* at 532, 124 S.Ct. 1978, *internal quotation marks*

27 *and citations omitted*; see also 28 C.F.R. § 35.130(b)(7).  Because Leon has not adequately

28 stated the basis for his claims, the Court speculates that Leon is asserting that he should not

1   have been required to present adequate facts and legal authorities to support his claims and

2   arguments.   Allowing Leon to avoid these requirements would fundamentally alter the

3   nature of litigation, the service offered by the courts.   The Court finds Leon has failed to

4   state a claim upon which relief can be granted.

5

6   *Count IV – Intentional Infliction of Emotional Distress*

7         Leon asserts Defendants, through scurrilous and outrageous conduct, intentionally

8   and/or recklessly inflicted emotional distress by denying him, a terminally ill ADA plaintiff,

9   access to the courts and failing to provide reasonable accommodations.   Leon does not

10  specify which Defendants this claim applies to.  Leon also asserts that Defendant Oro Valley

11  Police Department presented Leon in a false light to community and did not possess

12  probable cause to "conduct security detail or security measures for terminally ill Plaintiff

13  pursuing constitutional right to litigate in federal and state proceedings." FAC, Doc. 12, p.

14  78.  Specifically, Leon alleges the Oro Valley Police Department provided security detail

15  for one party in a department of labor litigation and tampered with witnesses. *Id.* at 14.

16        To state a claim for intentional infliction of emotional distress, a plaintiff must allege

17  (1) the conduct of defendant was "extreme" and "outrageous," (2) defendant intended to

18  cause emotional distress or recklessly disregarded the near certainty that such distress

19  would result from his conduct, and (3) severe emotional distress did occur as a result of

20  defendant's conduct. *Citizen Publishing Co. v. Miller*, 210 Ariz. 513, 516, 115 P.3d 107,

21  110 (2005); *Wells Fargo Bank v. Arizona Laborers, Teamsters, and Cement Masons Local*

22  *No. 395 Pension Trust Fund*, 201 Ariz. 474, 38 P.3d 12 (2002) (discussing difference

23  between negligent and intentional torts).  The acts must be "'so outrageous in character and

24  so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded

25  as atrocious and utterly intolerable in a civilized community.'"  *Mintz v. Bell Atlantic*

26  *Systems Leasing International, Inc.*, 183 Ariz. 550, 554, 905 P.2d 559, 563 (App. 1995),

27  *quotation omitted.*  Further, the defendant must either intend to cause emotional distress or

28  recklessly disregard the near certainty that such distress will result from his conduct. *Ford*

1 *v. Revlon*, 153 Ariz. 38, 43, 734 P.2d 580 (1987).

2       The Court finds that conduct Leon alleges to constitute a denial of access to the

3 courts and failure to provide reasonable accommodations, as stated in the FAC, does not

4 constitute extreme and outrageous conduct.  Furthermore, other than conclusory allegations,

5 Leon does not provide facts to support his claim that Defendant Oro Valley Police

6 Department presented Leon in a false light to community.  Lastly, the Court finds that the

7 allegations that Defendant Oro Valley Police Department did not possess probable cause to

8 "conduct security detail or security measures" and tampered with witnesses are conclusorty

9 and do not constitute extreme or outrageous conduct.

10       Additionally, Leon has not stated any facts to support that any Defendant intended

11 to cause emotional distress or recklessly disregarded the near certainty that distress would

12 result from his conduct.  Moreover, Leon has not alleged any facts that he suffered severe

13 emotional distress as a result of Defendant's conduct.  Leon alleges he suffered harassment,

14 embarrassment, and emotional distress.  FAC, Doc. 12, p. 6 n. 1.  Leon also asserts that he

15 was subjected to medical abuses.  *Id*. at p. 25.[3]  These conclusory allegations do not provide

16 any factual support.  The Court finds Leon has failed to state a claim upon which relief can

17 be granted.

18

19 *Count V – Negligent Infliction of Emotional Distress*

20       Leon asserts that, through scurrilous and outrageous conduct and false statements,

21 Defendants negligently inflicted emotional distress upon Leon.  Leon alleges the same

22 conduct as that alleged in Leon's claim for intentional infliction of emotional distress.  A

23

24       [3]Leon appears to be alleging that a protective order was denied despite medical

25 documentation that he was suffering extreme distress at the thought of a video deposition. However, Leon does not state what protective action was requested.  For example, if Leon

26 was seeking to avoid the taking of his deposition as a party or seeking to not permit another

27 party from attending a deposition, such requests would understandably be denied.  As previously stated, reasonable accommodations cannot fundamentally alter the nature of

28 litigation.

1   claim for negligent infliction of emotional distress requires that the "the emotional distress

2   inflicted 'must be manifested as a physical injury." *Rowland v. Union Hills Country Club*,

3   157 Ariz. 301, 304, 757 P.2d 105, 108 (App. 1988). Leon has not alleged that the emotional

4   distress was manifested as a physical injury. "Furthermore, '[t]he plaintiff/ bystander must

5   himself have been in the zone of danger so that the negligent defendant created an

6   unreasonable risk of bodily harm to him.'" *Rowland v. Union Hills Country Club*, 157 Ariz.

7   301, 304, 757 P.2d 105, 108 (App. 1988), *quoting Keck v. Jackson*, 122 Ariz. 114, 593 P.2d

8   668 (1979). The Court finds Leon has failed to state a claim for negligent emotional

9   distress.

10

11   *Count VI – 42 U.S.C. § 1983: First Amendment*

12        It is not clear upon what Leon bases a § 1983 First Amendment claim upon. Indeed,

13   the FAC acknowledges that the First Amendment only protects against abuses by state

14   actors. *See e.g. Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (42 U.S.C. § 1983 is not

15   itself a source of substantive rights, but merely provides a method for vindicating federal

16   rights elsewhere conferred); *see also Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699

17   (9th Cir. 1990) (to state a claim under § 1983, a plaintiff must allege:  (1) the violation of

18   a right secured by the Constitution and laws of the United States and (2) the alleged

19   deprivation was committed by a person action under color of state law.

20        Although Leon may to be trying to state a claim that a private employer retaliated

21   against him for exercising his free speech rights, Leon has not included an employer as a

22   Defendant. Further, Leon has not alleged facts to state a claim that any state actor retaliated

23   against him for the exercise of his First Amendment rights. The Court finds Leon has failed

24   to state a claim upon which relief could be granted.

25

26   *Count VII – 42 U.S.C. § 1983: Equal Protection Claim*

27        It is not clear what Leon claims is the basis of this claim.  "The Equal Protection

28   Clause of the Fourteenth Amendment . . . is essentially a direction that all persons similarly

1   situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S.

2   432, 439 (1985). "'To state a claim . . . for a violation of the Equal Protection Clause . . .

3   a plaintiff must show that the defendants acted with an intent or purpose to discriminate

4   against the plaintiff based upon membership in a protected class.'" *Lee v. City of Los*

5   *Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), *quoting Barren v. Harrington*, 152 F.3d 1193,

6   1194 (9th Cir. 1998). The Equal Protection Clause also forbids unequal enforcement of

7   valid laws where such unequal enforcement is the product of improper motive. *Yick Wo v.*

8   *Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); *see also United States v.*

9   *Bourgeois*, 964 F.2d 935 (9th Cir. 1992); *Church of Scientology of California v. C.I.R.*, 823

10  F.2d 1310 (9th Cir. 1987).

11          Leon has not alleged that any defendant acted with an intent or purpose to

12  discriminate against his based upon membership in a protected class. *See generally Barren*

13  *v. Harrington*, 152 F.3d 1193,1194 (9th Cir. 1998). Leon may be attempting to allege that

14  he is part of a protected class of disabled persons or persons acting pro se. However, rather

15  than alleging that he has been treated differently as a member of this class, Leon has alleged

16  that he *should* be treated differently. The Court finds Leon has failed to state a claim upon

17  which relief can be granted.

18

19  *Count VIII – 42 U.S.C. § 1983:  Denial of Medical Attention*

20          Leon appears to be alleging that there was deliberate indifference to a serious medical

21  need while he was in custody.[4]  The treatment a prisoner receives in *prison* and the

22  conditions under which he is confined are subject to scrutiny under the Eighth Amendment.

23  *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *see also*

24  *Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979) ("Whatever rights one may lose

25  at the prison gates, . . . the full protections of the eighth amendment most certainly remain

26

27          [4]Documents attached as exhibits for Count Ten indicate that Leon was incarcerated

28  in a prison in the mid-1990s.

1  in force.  The whole point of the amendment is to protect persons convicted of crimes.").

2  The Due Process Clauses of the Fifth and Fourteenth Amendments prohibit the punishment

3  of persons prior to a judgment of conviction; the Due Process Clauses govern conditions or

4  restrictions of pretrial detention.  *See Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60

5  L.Ed.2d 447 (1979).

6      To prevail on a claim under the Eighth Amendment for prison medical care, a

7  prisoner must demonstrate "deliberate indifference to serious medical needs."  *Jett v.*

8  *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), *citing Estelle v. Gamble*, 429 U.S. 97, 104

9  (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure

10  to treat the condition could result in further significant injury or the unnecessary and wanton

11  infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett*, 439

12  F.3d at 1096, *citations omitted*.  To act with deliberate indifference, a prison official must

13  both know of and disregard an excessive risk to inmate health; the official must both be

14  aware of facts from which the inference could be drawn that a substantial risk of serious

15  harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837

16  (1994).  Deliberate indifference in the medical context may be shown by a purposeful act

17  or failure to respond to a prisoner's pain or possible medical need and harm caused by the

18  indifference.  *Jett*, 439 F.3d at 1096.[5]

19      The Fourteenth Amendment's Due Process Clause protects a pretrial detainee from

20  punishment prior to an adjudication of guilt in accordance with due process of law.  *Bell v.*

21  *Wolfish*, 441 U.S. 520 (1979).  "This standard differs significantly from the standard

22  relevant to convicted prisoners, who may be subject to punishment so long as it does not

23  violate the Eighth Amendment's bar against cruel and unusual punishment."  *Pierce v.*

24

25

26      [5]The Court notes that mere claims of "indifference," "negligence," or "medical
  malpractice" do not support a claim under § 1983.  *Broughton v. Cutter Laboratories*, 622

27  F.2d 458, 460 (9th Cir. 1980).  Inadequate treatment due to malpractice or even gross
  negligence does not constitute an Eighth Amendment violation.  *Wood v. Housewright*, 900

28  F.2d 1332, 1334 (9th Cir. 1990).

1    *County of Orange*, 526 F.3d 1190, 1205 (9th Cir.2008). A pretrial detainee's due process

2    rights are at least as great as a convicted prisoner's Eighth Amendment rights. *City of Revere*

3    *v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244 (1983); *Oregon Advocacy Ctr. v. Mink*, 322

4    F.3d 1101, 1120 (9th Cir.2003) ("[E]ven though the pretrial detainees' rights arise under the

5    Due Process Clause, the guarantees of the Eighth Amendment provide a minimum standard

6    of care for determining their rights . . .").

7         In this case, Leon has not provided any factual allegations in support of his claim of

8    a denial of medical attention.  Further, the information that has been provided by Leon

9    indicates that any such claim would not be timely under the statute of limitations.  The Court

10   finds Leon has failed to state a claim upon which relief can be granted.

11

12   *Count Nine – 42 U.S.C. § 1983:  State Created Danger*

13        Leon appears to be alleging that some non-parties cause a state-created danger.  FAC,

14   pp. 21-23.  "As a general rule, members of the public have no constitutional right to sue

15   state employees who fail to protect them against harm inflicted by third parties.  This

16   general rule is modified by two exceptions: (1) the 'special relationship' exception; and (2)

17   the 'danger creation' exception."  *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992),

18   *citations omitted*.  The state-created danger exception "applies only where there is

19   affirmative conduct on the part of the state in placing the plaintiff in danger" and "only

20   where the state acts with deliberate indifference to a known or obvious danger."  *Patel v.*

21   *Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir.2011), *internal quotation marks omitted*.  Indeed,

22   a government actor must "affirmatively create [ ] an actual, particularized danger [that the

23   plaintiff] would not otherwise have faced."  *Kennedy v. City of Ridgefield*, 439 F.3d 1055,

24   1063 (9th Cir. 2006).

25        In this case, Leon has not alleged a state actor Defendant affirmatively created an

26   actual particularized danger that Leon would not otherwise have faced.  The Court finds

27   Leon has failed to state a claim upon which relief can be granted.

28

1    *Count Ten – 42 U.S.C. § 1983:  Wrongful Conviction*

2           Although Leon seeks to state a § 1983 claim, based on the content of this claim, it

3    appears Leon is attempting to state either a claim for malicious prosecution or defamation.

4    In Arizona, "[t]he elements of malicious prosecution are: (1) litigation instituted by

5    defendant; (2) termination of proceedings in favor of the plaintiff; (3) absence of probable

6    cause; and (4) presence of malice, i.e., improper motive." *Morgan v. Klatzke*, 140 Ariz. 489,

7    682 P.2d 1156 (App. 1984).  However, Leon has not alleged any facts that the prosecutor

8    is a defendant or that the prosecution was actuated by malice.  *Frey v. Stoneman*, 150 Ariz.

9    106, 722 P.2d 274 (1986).  The Court finds Leon has failed to state a claim upon which

10   relief can be granted as to any malicious prosecution claim.

11          "Defamation is composed of libel and slander.  Oversimplifying, libel is a written or

12   visual defamation, while slander is an oral defamation." *Boswell v. PhoenixNewspapers,*

13   *Inc.*, 152 Ariz. 1, 6 n. 4, 730 P.2d 178, 183 n. 4 (App. 1985), *citation omitted*.  A publisher

14   of false and defamatory communication about a private person (or concerning a public

15   official or public figure, pertaining to a private matter) is liable for defamation only if he has

16   knowledge that statement is false and that it defames the other, if he acts in reckless

17   disregard of such matters or acts negligently in failing to ascertain such matters.  *Peagler*

18   *v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 560 P.2d 1216 (1977), *quoting* Res. (2nd) of

19   Torts § 580B.  Leon appears to be alleging that the Arizona Department of Corrections

20   continues to list Leon as having been convicted of a felony.  A review of the Department

21   of Correction documents indicates that the felony at issue was a CL3, Leon's sentence was

22   vacated, Leon was released by the Court, and the findings on appeal have been upheld.  *See*

23   Doc. 14-5.  In other words, it appear to be a record of Leon's incarceration, not a statement

24   of Leon's current status.  It is not clear what information Leon alleges is false.  The Court

25   finds Leon has failed to state a claim upon which relief can be granted.

26

27   *Dismissal*

28          The Court finds that dismissal is appropriate.  A review of the claims and facts that

1  have been alleged make it absolutely clear that the deficiencies cannot be cured by an
2  amended complaint.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to
3  amend is liberally granted unless absolutely clear deficiencies cannot be cured by
4  amendment).

5

6  *Motion to Dismiss and Motion for Entry of Default*

7  The Court having determined, after screening the FAC, that dismissal is appropriate,
8  the Court will deny the Motion to Dismiss and the Motion for Entry of Default as moot.

9

10  Accordingly, IT IS ORDERED:

11  1.  Leon's Objection to the Court's Order denying recusal (Doc. 32) is
12  DENIED/OVERRULED.

13  2.  Leon's Motion for Recusal, Disqualification of Judge Cindy K. Jorgenson
14  (Doc. 33) is DENIED.

15  3.  Leon's First Amended Complaint and this action are DISMISSED for failure
16  to state a claim upon which relief can be granted.

17  4.  Oro Valley Police Department's Motion to Dismiss (Doc. 24) is DENIED AS
18  MOOT.

19  5.  Leon's Motion for Entry of Default filed by Leon (Doc. 31) is DENIED AS
20  MOOT.

21  6.  The Clerk of Court shall enter judgment and shall then close its file in this
22  matter.

23  7.  Leon's Request for Service by Mail (Doc. 35), which references a different
24  case number and defendants that are not parties in this case, is STRICKEN.

25  DATED this 15th day of May, 2013.

26

27  _____
    Cindy K. Jorgenson
28  United States District Judge

- 15 -